IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DAVID ORR, HENRY CHAMBERLAIN, ANGELA MICKEL, and JENNIFER GRADY, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | Case No.: 1:17-cv-01622-MLB |
| INTERCONTINENTAL HOTELS GROUP, PLC, INTER-CONTINENTAL HOTELS CORPORATION, and INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., | Hon. Michael L. Brown |
| Defendants. | |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT,
DIRECTING NOTICE TO THE SETTLEMENT CLASS,
AND SCHEDULING FINAL FAIRNESS HEARING**

WHEREAS, this matter coming before the Court pursuant to Representative Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement Agreement dated April 14, 2020 (the "Settlement");

WHEREAS, having reviewed and considered the Settlement, Representative Plaintiffs' Motion for Preliminary Approval of the Settlement, and all documents

and exhibits filed in connection therewith, and otherwise being duly advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.      PRELIMINARY APPROVAL OF THE SETTLEMENT**

1. Representative Plaintiffs' Motion for Preliminary Approval is GRANTED. The terms defined in the Settlement shall have the same meaning in this Order.

2. The terms of the Settlement are preliminarily approved as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005 ("CAFA"), are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Fairness Hearing provided for below. In making this determination, the Court has considered the current posture of the litigation, the benefits of the Settlement to the Settlement Class, and the risks and benefits of continuing litigation to the Settling Parties and the Settlement Class.

## II. THE SETTLEMENT CLASS, REPRESENTATIVE PLAINTIFFS, LEAD CLASS COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE

3. Having made the findings set forth below, the Court finds that a Settlement Class defined as follows is likely to be certified for settlement purposes only at the Final Fairness Hearing:

> All persons who reside in the United States and used their credit or debit card at the front desk of an IHG-Branded Hotel location, or used their credit or debit card at a restaurant or bar on an IHG-managed hotel or property, as set forth at the locations and in the time periods identified in Exhibit I to [the Settlement].

SA ¶¶ 1.20, 2.7. The following Persons are specifically excluded from the Settlement Class: (a) individuals who are or were during the Data Security Incidents officers or directors of IHG; (b) any justice, judge, magistrate judge, or law clerk of the Court, the United States Court of Appeals for the Eleventh Circuit, and the Supreme Court of the United States. SA ¶ 1.20.

4. The Court provisionally finds, for the purposes of settlement only and conditioned upon entry of an Order finally approving the Settlement as fair, reasonable, and adequate, that the class action requirements of Fed. R. Civ. P. 23(a) and (b)(3) are likely to be satisfied at the final approval stage in that: (a) Settlement Class Members are so numerous that joinder of all members is impracticable; (b) important questions of law or fact exist that are common to all Settlement Class

Members; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) Representative Plaintiffs and Lead Class Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5. The Court appoints the following individuals as representatives of the Settlement Class: David Orr, Henry Chamberlain, Angela Mickel, and Jennifer Grady.

6. The Court finds that Ben Barnow and Erich P. Schork, Barnow and Associates, P.C., and David J. Worley, Evangelista Worley LLC, are experienced class action litigators who have and will continue to fairly and adequately represent the interests of the Settlement Class. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Ben Barnow, Erich P. Schork, and David Worley as Lead Class Counsel. The Court also finds that John Yanchunis and Jean Martin, Morgan & Morgan Complex Litigation Group, Brian K. Herrington, Schlanger Law Group LLP, and Ranse M. Partin, Conley Griggs Partin LLP, are experienced class action plaintiff's counsel and appoints these individuals as Plaintiffs' Executive Committee.

7. As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the preliminary certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been preliminarily certified for settlement purposes only, without prejudice to any party's position on the issue of class certification or any other issue.

### III. NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

8. The Court appoints Heffler Claims Group as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement. Not later than August 19, 2020, the Settlement Administrator shall provide to Lead Class Counsel for filing with the Court: (a) a list of those persons who timely and validly excluded themselves from the Settlement; and (b) detailing the scope, methods, and results of the Notice Program.

9. The Court has considered the Notice provisions in the Settlement, the Class Notice methodology set forth in the Declaration of Jeanne C. Finegan attached as Exhibit A to the Settlement (the "Notice Program"), and the Email Notice, Postcard Notice, and Detailed Notice, attached as Exhibits C–E of the Settlement, respectively. The Court finds that the direct emailing and mailing of Notice, targeted

publication notice appearing in print media and on pre-vetted websites and social media platforms, issuance of a press release, and establishing a dedicated settlement website and toll-free number in the manner set forth in the Notice Program constitutes the best notice practicable under the circumstances and satisfies the requirements of Fed. R. Civ. P. 23(c), applicable law, and due process. The Court approves as to form and content the Email Notice, Postcard Notice, and Detailed Notice in the forms attached as Exhibits C, D, and E, respectively, to the Settlement. The Court orders the Settlement Administrator to commence the Notice Program as soon as practicable following entry of this Order.

10. The Court approves as to form and content the Claim Form attached as Exhibit F to the Settlement.

11. Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement and the Claim Form. The Claims deadline is September 12, 2020. All Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement and Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

## IV.  REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

12. Each Person wishing to opt out of the Settlement Class shall sign (individually, or, if the Person opting out is less than 18 years of age, through the signature of a parent, legal guardian or other legal representative) and timely mail written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than August 12, 2020 (the "Opt-Out Date").

13. Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

14. Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement and all orders entered by the Court in connection therewith.

## V.  OBJECTIONS

15. Each Settlement Class Member wishing to object to the Settlement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, and email address; (ii) information identifying the

objector as a Settlement Class Member, including proof that they are a member of the Settlement Class, (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement, has been a named plaintiff in any class action, or has served as proposed or class counsel, including the case name, court, and docket number for each; (vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (ix) a statement confirming whether the objector intends to personally appear or testify at the Final Fairness Hearing; and (x) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Northern District of Georgia at the address where filings are accepted by the Clerk on or before August 12, 2020, and served concurrently therewith upon (a) Lead Class Counsel Erich P. Schork, Barnow and Associates, P.C., 205 West Randolph Street Suite 1630, Chicago, IL 60606, and Lead Class Counsel David J. Worley, Evangelista Worley,

LLC, 8100 A. Roswell Road Suite 100, Atlanta, GA 30350; and also (b) IHG's counsel, David A. Carney, Baker & Hostetler, LLP, 127 Public Square, Suite 2000, Cleveland, OH 44114, counsel for IHG.

16.     Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment approving the Settlement, and Lead Class Counsels` application for an award of attorneys' fees, costs, expenses, and Representative Plaintiff service awards.

## VI.     THE FINAL FAIRNESS HEARING

17.     The Court will hold a Final Fairness Hearing on September 2, 2020, at 10:00 a.m., in Courtroom 1906, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, Atlanta, Georgia, to determine: (a) whether the Settlement Class should be certified for settlement purposes only; (b) whether the Settlement should be finally approved as fair, reasonable, and adequate; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff service awards should be awarded. The Final Fairness

Hearing may be continued by the Court without further notice to the Settlement Class.

18. No later than August 21, 2020, Lead Class Counsel shall file, and IHG may file, with the Court their motion for final approval of the Settlement and any memorandum or other materials in support of final approval of the Settlement.

19. No later than July 22, 2020, Lead Class Counsel shall file with the Court a motion for award of attorneys' fees, costs, and expenses, and Representative Plaintiff service awards.

## VII. OTHER PROVISIONS

20. The Settling Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement.

21. The Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**SO ORDERED** this 18th day of May, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE