IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID ORR, HENRY CHAMBERLAIN, ANGELA MICKEL, and JENNIFER GRADY, individually and on behalf of all others similarly situated, </br></br>Plaintiffs, </br></br>v. </br></br>INTERCONTINENTAL HOTELS GROUP, PLC, INTER-CONTINENTAL HOTELS CORPORATION, and INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:17-cv-01622-MLB |

**ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT AND JUDGMENT**

**WHEREAS,** this matter coming before the Court pursuant to Representative Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement (the "Settlement") involving Plaintiffs David Orr, Henry Chamberlain, Angela Mickel, and Jennifer Grady ("Representative Plaintiffs"), individually and on behalf of the Settlement Class, and Defendants Inter-Continental Hotels Corporation, and

InterContinental Hotels Group Resources, Inc. ("Defendants"), and Representative Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Class Representative Awards.

**WHEREAS,** on May 18, 2020, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, appointing Plaintiffs as Representative Plaintiffs, and appointing Plaintiffs' Counsel, Plaintiffs' Executive Committee, and Lead Class Counsel; (b) preliminarily approved the Settlement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** commencing on June 17, 2020, and pursuant to the notice requirements set forth in the Settlement and the Preliminary Approval Order, the Settlement Class was notified of the terms of the Settlement, the right of Settlement Class Members to opt-out, the right of Settlement Class Members to object to the Settlement, and to be heard at the Final Fairness Hearing;

**WHEREAS,** on September 2, 2020, the Court held the Final Fairness Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement are fair, reasonable, and adequate for the release of claims contemplated by the

Settlement; (2) whether to approve Representative Plaintiffs' request for an award of attorneys' fees, reimbursement of costs and expenses, and Representative Plaintiff service awards; and (3) whether judgment should be entered dismissing this action with prejudice.  Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the Settlement, as well as the requested awards of attorneys' fees, costs, expenses, and Representative Plaintiff service awards;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions set forth below for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, and adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of

Lead Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered Plaintiffs' motion for award of attorneys' fees, reimbursement of costs and expenses, and Representative Plaintiff service awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Second Amended Class Action Complaint against Defendants for alleged failure to implement or maintain adequate data security measures for customer payment card information.

3. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement.

5. The Court hereby finally certifies the following Settlement Class for settlement purposes only:

> All persons who reside in the United States and used their credit or debit card at the front desk of an IHG-Branded Hotel location, or used their credit or debit card at a restaurant or bar on an IHG-managed hotel or property, as set forth at the locations and in the time periods identified in Exhibit I to the Settlement Agreement.

The following Persons are specifically excluded from the Settlement Class: (a) individuals who are or were during the Data Security Incidents officers or directors of IHG; (b) any justice, judge, magistrate judge, or law clerk of the Court, the United States Court of Appeals for the Eleventh Circuit, and the Supreme Court of the United States; and (c) all persons identified in Exhibit A to this Order who timely submitted a valid request to be excluded from the Settlement.

6.     The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, and adequate and in the best interests of Settlement Class Members. The Court also finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

7. In relevant part and subject to a more detailed description therein, the Settlement provides for:

> A. Defendants to institute a claims process as outlined in the Settlement whereby Settlement Class Members can submit claims to be evaluated by the Settlement Administrator. The total payments to the Settlement Class are capped at $1,550,000.
>
> B. Defendants to pay all costs of providing notice of the Settlement to the Settlement Class and all costs of Settlement Administration.
>
> C. Defendants to pay, subject to Court approval, up to a maximum of $550,000 for Plaintiffs' counsels' reasonable attorneys' fees, costs, and expenses incurred in furtherance of the Litigation.
>
> D. Defendants to pay, subject to Court approval, Representative Plaintiffs service awards in the amount of $1,500 per Representative Plaintiff (totaling $6,000).

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class.

8. The terms of the Settlement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement and the rights of Settlement Class Members under the Settlement,

including the right to appear at and be heard at the Final Fairness Hearing, has been provided to Settlement Class Members as directed by this Court's Orders and proof of Notice has been filed with the Court.

9. The Court finds that the Court-approved Notice Program was the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10. The Court finds that Defendants fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. Thirty-three potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement.

12. The Settling Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement. Defendants, the Settlement Administrator, and Lead Class Counsel shall implement the Settlement in the manner and time frame as set forth in the Settlement Agreement.

13.     The relief provided for in the Settlement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

14.     Pursuant to the Settlement, each Settlement Class Member, including Representative Plaintiffs, fully, finally, and forever releases, relinquishes, and discharges all Released Claims, which means any and all Claims that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged in the Litigation, and related to the Data Security Incidents. Without limitation of the foregoing, Released Claims specifically include Claims stemming from the Data Security Incidents that may have been or could have been asserted whether known or unknown, by any Settlement Class Member against any person or entity that could seek indemnification or contribution from any of the Released Persons in respect of such Claim. Released Claims shall not include the right of any Settlement Class Member or any Released Person to enforce the terms of the settlement contained in the Settlement Agreement.

15.     Pursuant to the Settlement, each Settlement Class Member, including Representative Plaintiffs, is, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, permanently barred and

enjoined from commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

16. Pursuant to the Settlement and in recognition of their efforts on behalf of the Settlement Class, the Court approves service award payments to Representative Plaintiffs in the amount of $1,500.00 per Representative Plaintiff (totaling $6,000.00). The Representative Plaintiff service awards shall be paid by Defendants in accordance with the terms of the Settlement.

17. The Court has appointed Ben Barnow and Erich P. Schork, Barnow and Associates, P.C., and David J. Worley, Evangelista Worley LLC as Lead Class Counsel.  The Court has appointed the following attorneys to Plaintiffs' Executive Committee: John Yanchunis and Jean Martin, Morgan & Morgan Complex Litigation Group, Brian K. Herrington, Chhabra Gibbs & Herrington PLLC, and Ranse M. Partin, Conley Griggs Partin LLP.  Plaintiffs' Counsel means Lead Class Counsel, members of Plaintiffs' Executive Committee, and James Evangelista of Evangelista Worley, LLC, Christopher D. Jennings of Johnson Vines PLLC, and Steven W. Teppler of Abbott Law Group, P.A.

18. The Court grants Plaintiffs' application for award of attorneys' fees, costs, and expenses in the amount of $550,000. Payment shall be made by

Defendants pursuant to the terms of the Settlement. In accordance with the terms of the Settlement, Lead Class Counsel, in their sole discretion, to be exercised reasonably, shall allocate and distribute the amounts of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

19. This Order resolves all claims against all parties in this action and is a final order.

20. The matter is hereby dismissed with prejudice as to all parties and without costs, except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement, without affecting the finality of this Final Approval Order and Judgment.

**SO ORDERED** this 2nd day of September, 2020.



_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

1. David Kothman
2. David Adour
3. Guenter Pesch
4. Steve Braskie
5. Mark Brotman
6. Jonathan Northrup
7. Michelle Yarber
8. Joseph Ebel
9. Barbara Theofilis
10. Peter Tavares
11. Robert Davis
12. John Williamson Jr.
13. Frederick Stiles
14. David Sapp
15. Robert Callaway
16. Dennis Balling
17. Robert Cline
18. Daniel Kunz
19. Daniel Davis
20. Jeri Garreau
21. Richard Epstein
22. Valeriya Ignatova
23. Ryan Zierman
24. Richard Young
25. Thomas Radice
26. Jarret Lafleur
27. Joachim Schaefer
28. Janet Louks
29. April Yergin
30. Christopher Natale
31. Jeremy Hansen
32. Christine Hansen
33. Geoffrey Vanderspuy